UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tobaccoville USA, Inc., ) | Civil Action No.: 4:16-cv-00424-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States Department of the Treasury, ) | |
| Alcohol and Tobacco Tax and Trade ) | |
| Bureau; John Manfreda, Administrator, in ) | |
| his official capacity; and Jacob J. Lew, ) | |
| Secretary of the Treasury, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, or Stay, filed on February 25, 2016. *See* ECF No. 8. The Court held an expedited hearing on the motion the next day, February 26, 2016; all parties were represented and afforded the opportunity to present arguments. The Court denies Plaintiff's motion for the reasons set forth below.[1] In so ruling, the Court makes the following findings of fact and conclusions of law.

**Findings of Fact**[2]

Plaintiff Tobaccoville USA, Inc. ("Tobaccoville" or "Plaintiff") is a South Carolina corporation with its principal place of business in Hartsville, South Carolina. Tobaccoville is an importer and distributor of Seneca brand cigarettes, which are manufactured in Canada by Grand River Enterprises Six Nations, Ltd. John M. June, Jr. and Larry C. Phillips are shareholders and officers of Tobaccoville.

---

[1] The Court prepared this Order in an expedited manner due to obvious time constraints, and it reserves the right to modify this Order in the future.

[2] The Court gleans these facts from Plaintiff's complaint and amended complaint, Plaintiff's current motion and attached exhibits, Defendants' response and attached exhibit, and representations made by the parties at the expedited hearing. *See* ECF Nos. 1, 7, 8, 13, and 15.

Defendant United States Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau ("TTB") is responsible for, among other duties,[3] issuing permits relating to the importation of tobacco. Defendant John Manfreda is the Administrator of TTB, and Defendant Jacob J. Lew is the Secretary of the Treasury.

On January 17, 2006, TTB issued a tobacco products importer permit to Tobaccoville. On February 4, 2009, Congress amended portions of the statutes relating to permits for the importation of tobacco; the amendments allow TTB to deny or revoke a permit—after notice and the opportunity for a hearing—if the permit holder (or in the case of a corporation, one of its principals) is convicted of a tobacco-related felony under state or federal law. *See* 26 U.S.C. §§ 5712(3)(B), 5713(b)(1).[4]

On January 26, 2010, the State of North Carolina indicted June and Phillips—principals of Tobaccoville—for conspiracy to obtain property by false pretenses, obtaining property by false pretenses, and tax evasion. The indictments alleged that the crimes occurred between August 2005 and May 2007. On January 6, 2011, June and Phillips entered into a plea agreement, made pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), in which they agreed to plead guilty to lesser included offenses to the charges in the indictments and specified the criminal conduct occurred in August 2005.

Based upon the 2009 statutory amendments and June's and Phillips's convictions, TTB instituted a permit revocation proceeding against Tobaccoville by issuing a rule to show cause dated March 30, 2012. In late 2012 and early 2013, an administrative law judge issued orders staying the revocation proceedings to allow the parties to participate in settlement negotiations. The parties did not

---

[3] TTB is a federal bureau under the Department of the Treasury and is "responsible for enforcing the laws regulating alcohol production, importation, and wholesale businesses; tobacco manufacturing and importing businesses; and alcohol labeling and advertising." TTB's Responsibilities—What We Do, http://www.ttb.gov/consumer/responsibilities.shtml.

[4] The statutes do not specify whether they are retroactive.

reach a settlement, and litigation continued in 2013.

While the revocation proceeding was pending, TTB promulgated a temporary regulation requiring all tobacco import permit holders with a permit issued before August 26, 2013, to reapply. *See* 27 C.F.R. §§ 41.201(b), 41.202(b) (effective August 26, 2013).[5] Tobaccoville submitted an application for a new permit on January 23, 2014.

The parties never reached a settlement agreement. Instead, because Tobaccoville had applied for a new permit, TTB dismissed the permit revocation proceeding and indicated in the corresponding notice of dismissal (dated May 20, 2014) that Tobaccoville was permitted to operate under its existing permit until TTB acted upon Tobaccoville's application.

On June 24, 2015, TTB sent Tobaccoville a formal "Notice of Contemplated Disapproval of Application for Permit." Tobaccoville contested the contemplated disapproval by submitting a written request asking for a hearing before an administrative law judge. The contested administrative proceeding is currently the matter at issue in Tobaccoville's instant motion.

During the course of the contested administrative case, Tobaccoville sought discovery relating to (1) TTB's treatment of permit holders and applicants similarly situated to Tobaccoville, (2) the retroactive application of the 2009 statutory amendments, and (3) the implementation process for the August 26, 2013 temporary regulation under which Tobaccoville was required to reapply for a tobacco

---

[5] Significantly, TTB promulgated the temporary regulation without prior notice and public comment. *See* 78 Fed. Reg. 38,555, 38,567 (June 27, 2013) ("TTB is issuing this temporary final rule without prior notice and comment pursuant to authority under section 4(a) of the Administrative Procedure Act (5 U.S.C. [§] 553(b)). This provision authorizes an agency to issue a rule without prior notice and comment when the agency for good cause finds that those procedures are 'impracticable, unnecessary, or contrary to the public interest.' We believe prior notice and comment is unnecessary because we expect the affected industry members will benefit from an extension of the permit duration which will reduce the industry members' ongoing regulatory burdens. In addition, TTB believes that good cause exists to provide the industry with this temporary rule because, in addition to the extension of the duration of the permit, the temporary rule incorporates statutory amendments that are already in effect.").

import permit. At some point in the proceeding Tobaccoville filed a motion to compel, which the administrative law judge found to be untimely.

On February 10, 2016, Tobaccoville filed a complaint in this Court seeking declaratory and injunctive relief.[6] In its complaint, Tobaccoville asserts, among other allegations, that denial or revocation of its permit will cause irreparable harm; that it need not exhaust administrative remedies due to unconstitutional restrictions on its ability to develop a record in the contested administrative proceeding; that TTB's attempts to force Tobaccoville to reapply for a new permit unconstitutionally realign the burden of proof for a revocation proceeding; that TTB's interpretation of the relevant statutes and regulations concerning tobacco import permits is unconstitutional; that TTB's actions constitute a taking without compensation and thereby violate Tobaccoville's due process rights; and that TTB's implementation of the temporary regulation in August 2013 without notice and public comment violates section 553 of the Administrative Procedures Act.[7] Tobaccoville asks the Court (1) to enjoin the pending administrative action from proceeding unless and until Tobaccoville is afforded the opportunity to develop the record through adequate discovery, and (2) to declare that Tobaccoville's current permit (the one issued in January 2006) remains in full force and effect.[8]

On February 12, 2016, the administrative law judge issued an order denying Tobaccoville's motion to compel discovery. The administrative law judge found that the motion to compel was untimely and that Tobaccoville failed to show good cause to excuse its tardiness; thus, the judge

---

[6] Tobaccoville amended its complaint on February 24, 2016.

[7] 5 U.S.C. § 551, *et seq.*

[8] Tobaccoville also seeks attorney's fees.

declined to reopen discovery.[9]  On February 23, 2016, the administrative law judge issued an order denying Tobaccoville's and TTB's cross-motions for summary judgment without prejudice and specifying the merits hearing for the contested administrative proceeding remained scheduled for March 2, 2016.

On February 25, 2016, Tobaccoville filed the instant Motion for a Temporary Restraining Order, Preliminary Injunction, or Stay.  In its motion, Tobaccoville requests injunctive relief based on the same allegations presented in its complaint.  The Court held a hearing the next day—Friday, February 26, 2016—heard arguments from both Tobaccoville and TTB, and directed TTB to file a response to Tobaccoville's motion by Monday, February 29, 2016.  TTB filed a response on the morning of February 29, 2016.

## Conclusions of Law

Federal Rule of Civil Procedure 65 establishes the procedure for federal courts to grant preliminary injunctions.[10]  *See* Fed. R. Civ. P. 65.  Because of the extraordinary nature of injunctive relief, the Supreme Court has admonished that preliminary injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking a preliminary injunction must establish all four of the following elements:

---

[9] On February 17, 2016, Tobaccoville filed a motion asking the administrative law judge to reconsider his order denying the motion to compel discovery.  In the February 23, 2016 order, the administrative law judge granted TTB until February 26, 2016, to file a response to Tobaccoville's pending motion.

[10] Because TTB has received notice and an opportunity to respond, the Court treats Plaintiff's motion as one for a preliminary injunction.  *See, e.g.*, *Reliable Prop. Servs., LLC v. Capital Growth Partners, LLC*, 1 F. Supp. 3d 961, 962 n.2 (D. Minn. 2014) ("Although the motion is styled as a motion for a temporary restraining order, defendants have received notice and an opportunity to respond.  Accordingly, the [c]ourt treats it as a motion for a preliminary injunction.").

(1) that the plaintiff is likely to succeed on the merits, (2) that the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that an injunction is in the public interest. *League of Women Voters of N. Carolina v. N. Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (citing *Winter*, 555 U.S. at 20). A plaintiff must make a *clear* showing that it is likely to succeed on the merits of its claim. *Winter*, 555 U.S. at 20-22. Likewise, a plaintiff must make a *clear* showing that it is likely to be irreparably harmed absent injunctive relief. *Id.* Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reissued in part*, 607 F.3d 355 (4th Cir. 2010), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 347.

Without expressing any opinion as to the merits of Tobaccoville's claims,[11] the Court finds it cannot grant injunctive relief in this matter. In its response to Tobaccoville's motion, TTB makes the following statement:

> [T]he Alcohol and Tobacco Tax and Trade Bureau (TTB) **has confirmed that the plaintiff will maintain its permit throughout the administrative and any judicial review of its application**. The plaintiff thus will be able to remain in business while it makes it[s] case – including any challenges to the discovery rulings – in the administrative proceeding and, if necessary, in judicial review of the final administrative action. As a result, **the plaintiff will suffer no harm, much less any irreparable harm, by allowing the pending administrative proceeding to run its course**.

ECF No. 15 at 2. Elsewhere in its response, TTB reiterates "that plaintiff will maintain its permit

---

[11] In particular, the Court emphasizes it expresses no opinion as to the merits of the discovery issue.

6

throughout the administrative and judicial review process." *Id.* at 5.

In light of TTB's representations, the Court cannot conclude Tobaccoville faces irreparable harm without an injunction. Tobaccoville will not lose its permit throughout any phase of the administrative proceedings. Even if TTB's final decision results in Tobaccoville being denied a permit, Tobaccoville will not lose its permit if it subsequently seeks judicial review of an adverse administrative decision. The Court notes TTB's authority to allow Tobaccoville to maintain its permit throughout all levels of administrative and judicial (if any) proceedings exists under the Administrative Procedures Act, which provides that "[w]hen an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review." 5 U.S.C. § 705. In short, Tobaccoville does not face an imminent danger of losing its current ability to import tobacco products, not even "for one day" as it alleges. *See* ECF No. 13 at 4.

Furthermore, the Court finds Tobaccoville will not suffer irreparable harm by having to exhaust its administrative remedies. "It is a 'long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Philip Morris, Inc. v. Block*, 755 F.2d 368, 369 (4th Cir. 1985) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). The Fourth Circuit "has noted, however, that judicial intervention is authorized when an agency acts in 'brazen defiance' of its statutory authorization." *Id.* Other exceptions to the exhaustion requirement include situations where the administrative proceeding involves questions of significant national interest or where the administrative agency has clearly violated the constitutional rights of the party seeking to bypass exhaustion. *Id.* at 371. The Court finds no such exception applies in this case.

Tobaccoville has not cited any authority with procedural facts similar to those present in this

case, i.e., where the administrative law judge allegedly errs in limiting discovery and where the district court intervenes in the ongoing administrative proceeding. In fact, there is authority directly contradicting Tobaccoville's position:

> The appellants argue that the district court's order was premature because of the "long settled rule of judicial administration that no one is entitled to judicial relief, for a supposed or threatened injury, until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Corp.*, 303 U.S. 41, 51 (1938). This doctrine has retained its vitality, and apart from narrow exceptions, *Leedom v. Kyne*, 358 U.S. 184 (1958) and *McKart v. U.S.*, 395 U.S. 185 (1969), the federal courts continue to apply it in order to avoid the untimely interruption of the administrative process. *Borden, Inc. v. F.T.C.*, 495 F.2d 785, 787 (7th Cir. 1974).
>
> . . . .
>
> Obviously the administrative proceeding here had not progressed to a hearing. Who knows whether the Administrative Law Judge will find the evidence sufficient to sustain the charges, or whether the Secretary will agree with him if he does? If the final order were favorable to appellees, the present contentions would be moot. Once the hearing be completed, the devices suggested by the Administrative Law Judge may have proved adequate, or events at the hearing may demonstrate a need for the inquiry desired by appellees, and persuade the Administrative Law Judge to follow a procedure which will satisfy them. *See Maremont Corporation v. F.T.C.*, 431 F.2d 124, 128 (7th Cir. 1970). "Until administrative action has become final, no court is in a position to say that such action did or did not conform to applicable regulations." *Sampson v. Murray*, 415 U.S. 61, 74 (1974).
>
> Assuming a final order, adverse to appellees, and that they continue to contend that denial of discovery prejudiced their defense, such denial may be reviewed along with review of the final action. 5 U.S.C. § 704, *Bristol-Myers Company v. F.T.C.*, 469 F.2d 1116, 1117 (2d Cir. 1972).

*Frey v. Commodity Exch. Auth.*, 547 F.2d 46, 49 (7th Cir. 1976) (reversing the district court's order that found the arbitrary denial of pre-hearing administrative discovery violated due process and that enjoined

the administrative proceeding from occurring until the plaintiffs were given the opportunity to complete pre-hearing discovery; and remanding the case to the district court with directions to dismiss). The Court cannot articulate its reasoning any better than did the Seventh Circuit did in *Frey*. Tobaccoville has not yet received a ruling from the administrative law judge, and that ruling may very well be favorable to Tobaccoville. Moreover, even if the administrative law judge issues an unfavorable decision, Tobaccoville still has the opportunity to challenge that decision at two more levels of administrative review before TTB issues a final decision on Tobaccoville's application.[12]

Significantly, in one of the cases cited by Tobaccoville, another judge in this district explained that "[t]o be excused from the administrative exhaustion requirement, plaintiff must show that (1) *the suit involves a collateral attack rather than one on the merits*; and (2) its interest in prompt judicial review is so compelling that deference to the agency's determination is inappropriate." *Ridgeview Manor of Midlands, L.P. v. Leavitt*, No. C A 307-CV-861-JFA, 2007 WL 1110915, at *4 (D.S.C. Apr. 9, 2007) (emphasis added) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). Tobaccoville fails to meet the first prong set forth in *Ridgeview* because its current lawsuit and motion are ***not*** a collateral attack; rather, the lawsuit is an attack on the merits of the as-yet-to-be-decided administrative proceeding. Specifically, Tobaccoville challenges the administrative law judge's discovery ruling and general ability to go forward with the permit application proceedings. The proper time to address these

---

[12] In its response to Tobaccoville's motion, TTB details the administrative review process. *See* ECF No. 15 at 5-6 (citing 27 C.F.R. §§ 71.78, 71.107, 71.116). First, the administrative law judge conducts a hearing and recommends a decision to the TTB Officer ("the Officer"). The Officer then makes an initial decision on whether the permit should be issued; if the Officer concludes the permit should be issued, the application is approved. However, if the Officer contemplates disapproval, the Officer serves the administrative law judge's recommendation on the applicant, informs the applicant of the contemplated disapproval, and affords the applicant the ability to submit proposed findings and conclusion or exceptions to the recommendation. The Officer then reviews the applicant's submission and makes the initial decision. If the Officer does not approve the application, the applicant may appeal to the TTB Administrator (namely, Defendant Manfreda), who makes the final decision.

issues is after Tobaccoville proceeds through all levels of administrative review and obtains a final decision that it can then appeal to this Court in accordance with 5 U.S.C. §§ 702-706.[13]

## Conclusion

For the reasons explained above, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, or Stay [ECF No. 8].

**IT IS SO ORDERED.**

Florence, South Carolina  
March 9, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[13] As explained above, Tobaccoville cannot satisfy all elements of the *Winter* test for issuing a preliminary injunction because it has failed to make a clear showing that it will suffer irreparable harm without an injunction. Therefore, its motion must be denied.